**Warren Harold OLIVER,**
**Plaintiff-Appellee,**

v.

**MERCY MEDICAL CENTER, INC., an**
**Oregon corporation,**
**Defendant-Appellant.**

No. 81–3498.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 18, 1982.

Decided Dec. 23, 1982.

Robert W. Tollen, Steinhart, Falconer & Morgenstein, San Francisco, Cal., Dwight L. Schwab, Schwab, Burdick & Hilton, Portland, Or., for defendant-appellant.

Liana Colombo, Kulongoski, Heid, Durham & Drummonds, Eugene, Or., for plaintiff-appellee.

Before FLETCHER, FERGUSON and REINHARDT, Circuit Judges.

FERGUSON, Circuit Judge:

Mercy Medical Center, Inc. appeals the amount of the district court's award of damages to Warren Oliver as compensation for overtime pursuant to section 7 of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19. The panel unanimously agreed that this case was suitable for submission without oral argument. 9th Cir.R. 3(a); Fed.R.App.P. 34(a). We affirm.

I

Mercy Medical Center employed Oliver first as a psychiatric technician and then as an ambulance attendant. He worked in the latter job from May 23, 1978 to July 2, 1978; Mercy Medical paid him $700 per month. Oliver's duties required him to be in the ambulance or the station five days per week, eight hours per day. The remaining sixteen hours per day, Mercy Medical required Oliver to remain in telephone or radio contact with the station and to be able to respond to calls within three minutes.

Oliver filed an action in district court seeking backpay for overtime hours pursuant to the FLSA. 29 U.S.C. § 207(a). After a bench trial, the district court found that all of Oliver's on-call time was working time within the meaning of the act and that Oliver was entitled to overtime compensation for all hours he worked in excess of forty per week. The court awarded Oliver $5429 in damages and $2500 in attorney's fees. Mercy Medical timely appealed only the issue of the amount of damages.

II

The FLSA requires that an employer compensate an employee at one and one-half times the regular hourly rate for hours worked in excess of forty per week. The parties agree that Oliver's weekly rate of pay was $161.54.[1] The district court, in calculating damages, divided this figure by forty to arrive at Oliver's hourly rate of pay.[2] Then the court multiplied this figure ($4.04) by one and one-half to arrive at Oliver's overtime rate of pay. The resulting figure ($6.06) was multiplied by the eighty hours per week on-call time. A small adjustment was made for various days Oliver did not work.

■ Mercy Medical does not dispute the district court's finding that Oliver's on-call time was working time. It argues, however, that the court erred in its calculations because the parties intended that Oliver's weekly salary would compensate him for all hours worked per week.[3]

---

1. This figure is obtained by multiplying $700 by 12 [months] and dividing by 52 [weeks].

2. The applicable regulation provides in pertinent part:

   The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment ... in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.
   29 C.F.R. § 778.109.

3. Although the district court did not explicitly find that Oliver's salary was intended to compensate him for forty hours only, this finding is implicit in the court's findings, calculations and result. There is evidence in the record to support a finding of an express agreement between Oliver and Mercy Medical Center for an hourly

rate of $4.04 for forty hours of work a week. Such a finding is not clearly erroneous. We assume that the district court did not make such an express finding because at trial Mercy Medical argued that Oliver's on-call time was not working time. On appeal it has conceded for the first time that it was working time and thus is included in the weekly salary. The defendant's change in theory explains why the district court did not make an explicit finding that the parties intended the salary to cover forty hours worked per week. It is the presence of evidence of an express understanding of a forty hour work week which distinguishes this case from that of Marshall v. Chala Enterprises, Inc., 645 F.2d 799 (9th Cir.1981). The

It is true, as Mercy Medical argues, that an employer may compensate an employee on a fixed salary basis for all hours worked. However, the applicable regulation provides, in relevant part:

> The general overtime pay standard in section 7(a) requires that overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed. *The regular rate of pay at which the employee is employed may in no event be less than the statutory minimum.*

29 C.F.R. § 778.107 (emphasis added).

In this case, adopting the employer's theory would result in an average hourly wage of $1.35, about half the minimum wage rate of $2.65 per hour. Mercy generously concedes that it would be liable for the additional amount necessary to raise Oliver's salary rate to the minimum wage rate plus one-half the minimum wage rate for hours worked in excess of forty.[4] Under this theory, Mercy would owe Oliver approximately $1,250.

We reject this theory for several reasons. First, it presumes an agreement providing for less than the statutory mini-mum wage; such an agreement is prohibited by the act. 29 C.F.R. § 778.114(a). Second, although Mercy Medical argues that the parties understood that the $700 per month was to compensate Oliver for all hours worked per week, the record yields insufficient evidence to establish a "clear mutual understanding" of this arrangement as required by the applicable regulation. *Id.*[5] There was testimony that Oliver was told that he would work eight hours and be on call eight hours, but there is no evidence that either party intended that Oliver would not be paid overtime compensation for those hours. Moreover, even if such evidence has been adduced, it would support a finding that the parties had agreed to a fixed salary for eighty hours per week, not the one hundred and twenty that Mercy now asserts was covered under this arrangement.[6]

### III

Oliver requests costs and attorney's fees for this appeal. This court has discretion to award single or double costs, attorney's fees, or both as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28

---

remainder of the calculations are in accord with *Chala,* 645 F.2d at 804, and *Brennan v. Valley Towing Co., Inc.,* 515 F.2d 100, 106 (9th Cir.1975).

4. Mercy Medical apparently bases its calculations upon the theory that Oliver was receiving a fixed salary for fluctuating hours. 29 C.F.R. § 778.114(a) does permit the employer to compensate overtime at only one-half the applicable hourly rate, on the theory that the employee has "already been compensated at the straight time regular rate, under the salary arrangement." *Id.* As discussed above, this regulation is inapplicable to Oliver's situation because: (1) the regulation does not permit these arrangements if the actual hourly rate is less than the applicable minimum wage; and (2) there is no evidence that Oliver "clearly understood" this arrangement as required by the regulation. *See id.*

5. Mercy Medical had employed Oliver previously, and the parties had explicitly agreed in writing at that time that he was to be paid his salary for 40 hours work per week plus time and one-half for extra hours. Had Mercy Medical contemplated such a radical change in conditions when Oliver transferred jobs, *tripling* the number of work hours expected with no increase in pay, we would expect that it would have conveyed that message to him clearly, and probably in writing.

6. The cases cited by Mercy Medical in support of its argument are inapposite. In *General Elec. Co. v. Porter,* 208 F.2d 805, 812 (9th Cir.1953), *cert. denied,* 347 U.S. 951, 74 S.Ct. 680, 98 L.Ed. 1097 (1954) and *Harrington v. Empire Const. Co.,* 167 F.2d 389, 390–91 (4th Cir.1948), unlike the situation here, the district courts found sufficient evidence to support a finding that the parties had agreed to a fixed salary for a fluctuating workweek schedule. The courts of appeals in each case declined to overturn that finding. Second, there is no indication in these cases that the fixed salary resulted in an hourly wage rate lower than the minimum wage, as it does in this case. This second factor also distinguishes *Joseph G. Moretti, Inc. v. Boogers,* 376 F.2d 27, 28 (5th Cir. 1967), *Rau v. Darling's Drug Store, Inc.,* 388 F.Supp. 877, 883–84 (W.D.Pa.1975); *Keen v. Mid-Continent Petroleum Corp.,* 63 F.Supp. 120, 142 (N.D.Iowa 1945), *aff'd,* 157 F.2d 310 (8th Cir.1946), and *Lorber v. Rosow,* 58 F.Supp. 341, 345 (D.Conn.1944).

382

U.S.C. § 1912; *McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir.1981). Courts have typically awarded such sanctions in two types of cases: (1) when the appeal was wholly without merit or the result was obvious, *see, e.g., Lowe v. Willacy,* 239 F.2d 179 (9th Cir.1956); and (2) when the appeal was not only frivolous but also taken in bad faith for purposes of delay or harassment, *see, e.g., McConnell,* 661 F.2d at 118–19; *Wood v. McEwen,* 644 F.2d 797, 802 (9th Cir.1981), *cert. denied,* 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982).

█ Our review of the record and briefs persuades us that this appeal is frivolous. Mercy Medical's argument is barred by the plain language of the statute and the regulations. Accordingly, we award double costs and reasonable attorney's fees for this appeal to Oliver, subject to Oliver filing a timely bill of costs and application for attorney's fees. *See* 9th Cir.R. 14.