BEEZER, Circuit Judge:
 

 Owen E. Jackson, an unsecured creditor of the estate of Transcontinental Energy Corporation, opposed a compromise settlement between Trustee Richard A. Davis
 
 [1]
 
 and an unsecured creditor. The district court affirmed the bankruptcy court’s ap
 
 *1298
 
 proval of the compromise settlement. We affirm.
 

 I
 

 BACKGROUND
 

 This appeal is the latest stage in a lengthy, complex dispute involving geothermal leases in Southern California. The present action arose out of a settlement agreement executed in 1968 between Transcontinental Power Company (“TPC”) and Geothermal Energy and Mineral Corporation (“Gemcor”). Pursuant to the settlement agreement, Gemcor received an assignment of various contractual rights under an agreement between Chloride Products, Inc. and TPC. Gemcor filed an action against Chloride Products in the United States District Court for the Southern District of California, seeking damages and royalties under the assigned contracts. Chloride Products filed various answers and counterclaims.
 

 In 1970, Gemcor filed suit against TPC in Nevada state court. Gemcor alleged that TPC and its president, Owen E. Jackson, had exercised control over Chloride Products and had caused Chloride Products to file the answer and counterclaims. Gemcor claimed that TPC’s actions violated the settlement agreement and constituted an abuse of process.
 

 In 1972, TPC merged with Oil Producers and Refiners, Inc. to form Transcontinental Energy Corporation (“TEC”). Jackson became an officer of TEC.
 

 On August 4, 1977, the state court in Nevada entered judgment in favor of Gem-cor on the abuse of process claim. Gemcor received a judgment for $459,605.67, plus interest, costs, and attorneys’ fees. TEC filed a timely notice of appeal to the Nevada Supreme Court. Gemcor cross-appealed, seeking an increase in the damage award.
 

 After Gemcor took steps to execute the judgment, TEC filed a bankruptcy petition on October 14, 1977. Jackson filed a proof of claim in the sum of $500,000, and thus is an unsecured creditor of the estate.
 

 In 1979, the Trustee filed suit against Jackson in the United States District Court for the District of Nevada. The Trustee alleged that Jackson had committed fraudulent acts, violated federal securities law, and breached his fiduciary duties. The Trustee also sought indemnification for any sums paid to Gemcor pursuant to the state court judgment.
 

 The present appeal involves the settlement of Gemcor’s state court judgment against TEC. Under the final terms of the settlement, the Trustee agreed to allow Gemcor’s claim in the sum of $350,000 and to transfer 98,500 shares of Gemcor stock held by TEC back to Gemcor. The bankruptcy court approved the settlement. Jackson, who had opposed the settlement, filed a timely notice of appeal to the district court. On August 21, 1984, the district court affirmed.
 

 II
 

 THE COMPROMISE SETTLEMENT
 

 Section 27 of the Bankruptcy Act, 11 U.S.C. § 50,
 
 [2]
 
 states that a trustee “may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate.” We stated the applicable standard of review in
 
 In re California Associated Products Co.,
 
 183 F.2d 946, 949 (9th Cir.1950):
 

 [Section 27 of the Bankruptcy Act] authorizes a receiver or trustee, with the approval of the court, to compromise any controversy arising in the administration of the estate upon such terms as he may deem appropriate. The power to compromise is expressly granted in broad, un
 
 *1299
 
 limited terms. It vests wide discretion in the receiver and in the supervisory court. A petition by a receiver for approval of a compromise is addressed to the sound discretion of the court, and an order approving a compromise should be reversed only for clear abuse of discretion.
 

 See also In re Equity Funding Corp.,
 
 519 F.2d 1274, 1276 (9th Cir.1975).
 

 Jackson seeks to overturn the compromise between the Trustee and Gem-cor on four grounds. First, Jackson challenges the transfer of the Gemcor stock back to Gemcor. Jackson argues that sections 47(a)(1) and 65(a) of the Act, 11 U.S.C. §§ 75(a)(1), 105(a), taken together, require a trustee to reduce all of the estate’s assets to money and to distribute the money pro rata to the unsecured creditors. This argument ignores the existence of section 27, which authorizes a trustee to compromise claims. A trustee’s authority to compromise claims is consistent with the duties imposed by sections 47(a)(1) and 65(a).
 
 See
 
 2A
 
 Collier on Bankruptcy
 
 ¶ 47.04, at 1744.4-.5 (14th ed. 1978). Moreover, it is well established that section 27 “ ‘clearly does not limit the right of compromise to controversies in which all creditors have the same interest’; and the compromise may adjust the rights of the various creditors of the estate.”
 
 Id.
 
 ¶ 27.02, at 1085 (quoting
 
 In re Stuart,
 
 272 F. 938 (6th Cir.1921)). In sum, Jackson’s challenge to the transfer of the Gemcor stock lacks a legal basis.
 

 Second, Jackson contends that the compromise is not in the best interest of the estate. We disagree. Prior to the compromise, Gemcor had a claim for $459,-605.67 in damages and $20,000 in attorneys’ fees, plus interest and costs. Gemcor had filed a cross-appeal before the Nevada Supreme Court, seeking an increase in damages. After the compromise, Gemcor had a claim for $350,000 and the right to the 98,500 shares of Gemcor stock.
 
 [3]
 
 The compromise thus benefited the estate in three ways. First, the compromise reduced the face value of Gemcor’s claim against the estate. Second, the claim for $459,-605.67 was in 1977 dollars, while the claim for $350,000 is in 1984 dollars. The estate will thus receive the benefit of seven years of inflation. Finally, it will not be necessary for the estate to bear the expense of prosecuting the appeal before the Nevada Supreme Court. The estate also no longer bears the risk of an adverse decision on Gemcor’s cross-appeal. In sum, the record fully supports the Trustee’s determination that the compromise was in the best interest of the estate.
 
 See In re Walsh Construction, Inc.,
 
 669 F.2d 1325, 1328-29 (9th Cir.1982).
 

 Third, Jackson argues that the Trustee abused his discretion by failing to take into account the interests of a significant creditor
 
 (i.e.,
 
 Jackson). It is well settled that the bankruptcy court and the trustee should carefully consider the wishes of a majority of the creditors, but that those wishes are not binding.
 
 See
 
 2A
 
 Collier on Bankruptcy, supra,
 
 ¶ 27.04, at 1090-92. In this case, Jackson is a minority creditor. Accordingly, the Trustee and the bankruptcy court were not obligated to consider Jackson’s wishes. In any event, Jackson has failed to articulate a coherent explanation of the threat posed to his claim by the compromise.
 

 Finally, Jackson argues that the compromise should be overturned because of a conflict of interest. The district court authorized the Trustee to employ Patrick Clary, an attorney who represents Gemcor, in the action against Jackson for indemnification. Earlier, the bankruptcy court had authorized the Trustee to employ Clary in an action in California state court. On the basis of Clary’s representation of the Trustee in those actions, Jackson claims that the compromise should be overturned. Jackson’s position is meritless. Section 44(c) of the Act, 11 U.S.C. § 72(c), states:
 
 *1300
 
 “An attorney shall not be disqualified to act as attorney for a receiver or trustee merely by reason of his representation of a general creditor.” Jackson relies upon a provision of the current Code, which was not in effect when this proceeding was initiated. In sum, Jackson has failed to state a valid legal basis for invalidating the compromise.
 

 III
 

 SANCTIONS
 

 Federal Rule of Appellate Procedure 38 authorizes sanctions for the bringing of a frivolous appeal. In
 
 Oliver v. Mercy Medical Center, Inc.,
 
 695 F.2d 379, 382 (9th Cir.1982), we stated:
 

 Courts have typically awarded such sanctions in two types of cases: (1) when the appeal was wholly without merit or the result was obvious, and (2) when the appeal was not only frivolous but also taken in bad faith for purposes of delay or harassment.
 

 (citations omitted). The Trustee argues that sanctions are appropriate in this case.
 

 We conclude that Jackson’s contentions are wholly without merit. We also note that Jackson and his attorney, Emilio T. Gurrola, have repeatedly filed frivolous appeals in this court. By Jackson’s own count, this is the tenth appeal that Jackson and Gurrola have filed. All of the previous appeals were resolved against Jackson. Moreover, the Trustee is seeking indemnification from Jackson for the sums expended in settling Gemcor’s claim. As a result, Jackson has an incentive to contest the settlement for reasons that are not legally cognizable. We see considerable merit in the Trustee’s contention that this appeal was taken in bad faith.
 

 The filing of frivolous appeals undermines the operation of the judicial system and requires appellees to bear the cost of needless litigation.
 
 See Hatch v. Reliance Insurance Co.,
 
 758 F.2d 409, 416 (9th Cir.1985);
 
 Thompson v. Tega-Rand International,
 
 740 F.2d 762, 764 (9th Cir.1984). Accordingly, we impose double costs and $1,500.00 in attorneys’ fees against Jackson and Gurrola and in favor of Richard A. Davis, as trustee.
 

 IV
 

 CONCLUSION
 

 The decision of the district court is AFFIRMED.
 

 [1]
 

 . Davis replaced Robert N. Broadbent as trustee.
 

 [2]
 

 . The Bankruptcy Act of 1898 governs this action because TEC filed its bankruptcy petition prior to the repeal of that statute.
 
 See
 
 Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, tit. IV, § 403(a), 92 Stat. 2549, 2683. All references to the United States Code in this opinion refer to the pre-1978 Code.
 

 [3]
 

 . The value of the Gemcor stock is uncertain. A recent appraisal concluded that the stock was worth $.10 per share.