BRUNETTI, Circuit Judge,
dissenting as to Part VI:
I dissent from part “VI., ATTORNEY FEES AND COSTS.” A party may be entitled to attorney fees if an appeal is frivolous. An appeal is frivolous where the result is obvious, the arguments advanced are wholly without merit, or where the appeal is frivolous and it is taken in bad faith for purposes of delay or harassment. Pena v. Seguros la Comercial, S.A., 770 F.2d 811, 815 (9th Cir.1985) (citing Taylor v. Sentry Life Insurance Co., 729 F.2d 652, 656 (9th Cir.1984)). See also Oliver v. Mercy Medical Center, Inc., 695 F.2d 379, 382 (9th Cir.1982); Lowe v. Willacy, 239 F.2d 179 (9th Cir.1956). Moreover, pursuant to 28 U.S.C. § 1912, “we may adjudge to the prevailing party just damages for his delay, and single or double costs.”
*1368 The arguments advanced by the appellants are wholly without merit. The clear and uncontradicted evidence indicates that the district court ordered the appellants to transfer the property to MTI. They did not transfer the property as ordered, and have offered no legally cognizable justification for their contemptuous actions.
As the opinion states, this is the second time Crystal Palace has appealed a decision in this case. The first appeal, In re Crystal Palace Gambling Hall, No. 84-4735, was dismissed on the motion of MTI for lack of prosecution; This second appeal has taken a year and a half to hear because this court twice granted Crystal Palace’s motions to extend time, and denied application for a third such motion (although the court actually gave Crystal Palace a twenty-two day extension). Thus, MTI has suffered considerable delay and costs as a result of frivolous appellate action.
Therefore, pursuant to Fed.R.App.P. 38, I would grant MTI’s motion for attorney’s fees and impose an additional sanction of double costs on the appellants.