**Israel V. AIKEN; Joseph Michael Bootle; Mary Clapp; Kevin Firster; Marie V. Hightower; Gina M. Holstein; Jordan M. Jinks; Felisha Mixson; Mark J. Reid; Claude E. Rentz; Timothy Norton Sutton; and Samuel Williams, Plaintiffs,**

v.

**The COUNTY OF HAMPTON, SOUTH CAROLINA, Defendant.**

C/A No. 2:96–1779–18.

United States District Court,
D. South Carolina,
Charleston Division.

Sept. 4, 1997.

---

Luther J. Battiste, III, W. Allen Nickles, III, Richard Mark Gergel, Columbia, SC, for Plaintiffs.

Algernon G. Solomons, Jr., Estill, SC, Stephen T. Savitz, Linda P. Edwards, Columbia, SC, Marvin C. Jones, Walterboro, SC, for Defendant.

## ORDER

NORTON, District Judge.

This action is before the court on cross motions for summary judgment. Plaintiffs filed a Motion for Summary Judgment on April 21, 1997. Defendant Hampton County ("Hampton County") filed a Motion for Summary Judgment on April 25, 1997.

Plaintiffs are current and former deputies and jailers employed by Hampton County. In *Allen, et al. v. Hampton County, et al.*, C.A. No. 9:94–1498–18 ("*Allen*"), this Court found Hampton County's system of overtime pay for deputies and jailers to be in violation of the Fair Labor Standards Act ("FLSA"). The parties have stipulated that *Allen* applies to the period preceding January 23, 1995, and that the present action applies to the period from January 23, 1995, forward.[1] The parties have also agreed to Stipulations of Fact and that any remaining facts not stipulated to are not material.

Plaintiffs allege that Hampton County continues to violate the FLSA by using the fluctuating workweek method for determining overtime pursuant to 29 C.F.R. § 778.114 (" § 114"). Plaintiffs contend Hampton County must pay them overtime at one and a half times their regular rate of pay rather than by the method calculated under § 114, because Hampton County has not complied with § 114's requirements. Hampton County argues that, as a result of changes in its policies and recent clarifications in the law, it is in compliance with the requirements of § 114.

## A. SUMMARY JUDGMENT STANDARD

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby,*

---

1. The parties stipulated that any plaintiffs who are still employed by Hampton County on or after January 23, 1995, shall be joined as plaintiffs in this action instead of remaining in Allen.

*Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.* 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. CenTra, Inc.*, 947 F.2d 115, 119 (4th Cir.1991).

## B. ANALYSIS

### 1. The fluctuating workweek plan

In *Garcia v. San Antonio Metropolitan Transit Auth.*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), the Supreme Court held that political subdivisions must comply with the FLSA. The general rule under the FLSA is that an employer must pay overtime after an employee has worked 40 hours in a seven day workweek. 29 U.S.C.A. § 207 (West Supp.1995). The statute states:

> No employer shall employ any of his employees ... for a workweek longer than forty hours ... unless such employee receives compensation for his employment ... in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

*Id.* § 207(a)(2). The FLSA contains a special provision applicable to law enforcement officers. *See id.* § 207(k). Section 207(k) provides that the employer does not have to pay overtime to a law enforcement employee until that employee works 43 hours in a seven day work period.[2] *See id.;* 29 C.F.R. § 553.230 (1995). The regular rate of pay used to calculate overtime is determined by dividing an employee's total pay in any work

week by the total number of hours the employee worked during that period. 29 C.F.R. § 778.109 (1995). The federal regulations to the FLSA further provide for several methods of paying overtime. *See e.g.,* 29 C.F.R. §§ 778.110, 778.111 (1995).

Hampton County chose to continue its use of the fluctuating workweek method of overtime payment, which is provided for in 29 C.F.R. § 778.114. This method was first recognized by the Supreme Court *in Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942). In *Overnight* the Court noted that if an employee is paid a weekly wage and works variable or fluctuating hours, the regular rate varies week by week with the number of hours worked and "[i]t is true that the longer the hours the less the rate and the pay per hour." *Id.* at 580, 62 S.Ct. at 1221. The employee is entitled to additional overtime pay at half of his regular hourly rate for all hours worked over forty, as opposed to a rate of time and a half for those overtime hours. *See Condo v. Sysco Corp.,* 1 F.3d 599, 601 (7th Cir.1993), *cert. denied,* 510 U.S. 1110, 114 S.Ct. 1051, 127 L.Ed.2d 373 (1994).

The requirements that an employer must meet in order to use the fluctuating workweek method of payment are detailed in 29 C.F.R. § 778.114, which states:

> (a) An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage

---

2. During the period at issue, there was no week in which a Plaintiff Jailer was scheduled to work less than forty hours or a Plaintiff Deputy was scheduled to work less than forty-three hours.

rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

(b) The application of the principles above stated may be illustrated by the case of an employee whose hours of work do not customarily follow a regular schedule but vary from week to week, whose overtime work is never in excess of 50 hours in a workweek, and whose salary of $250 a week is paid with the understanding that it constitutes his compensation, except for overtime premiums, for whatever hours are worked in the workweek. If during the course of 4 weeks this employee works 40, 44, 50, and 48 hours, his regular hourly rate of pay in each of these weeks is approximately $6.25, $5.68, $5, and $5.21, respectively. Since the employee has already received straight-time compensation on a salary basis for all hours worked, only additional half-time pay is due. For the first week the employee is entitled to be paid $250; for the second week $261.36 ($250 plus 4 hours at $2.84, or 40 hours at $5.68 plus 4 hours at $8.52); for the third week $275 ($250 plus 10 hours at $2.50, or 40 hours at $5 plus 10 hours at $7.50); for the fourth week approximately $270.88 ($250 plus 8 hours at $2.61 or 40 hours at $5.21 plus 8 hours at $7.82)

(c) The "fluctuating workweek" method of overtime payment may not be used unless the salary is sufficiently large to assure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate applicable under the Act, and unless the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked. Typically, such salaries are paid to employees who do not customarily work a regular schedule of hours and are in amounts agreed on by the parties as adequate straight-time compensation for long workweeks as well as short ones, under the circumstances of the employment as a whole. Where all the legal prerequisites for use of the "fluctuating workweek" method of overtime payment are present, the Act, in requiring that "not less than" the prescribed premium of 50 percent for overtime hours worked be paid, does not prohibit paying more. On the other hand, where all the facts indicate that an employee is being paid for his overtime hours at a rate no greater than that which he receives for nonovertime hours, compliance with the Act cannot be rested on any application of the fluctuating workweek overtime formula.

29 C.F.R. § 778.114.

In *Allen,* the court determined that Hampton County bore the burden of establishing compliance with § 114 "[b]ecause the fluctuating workweek method of payment is an exception to the normal overtime requirements of the FLSA." (March 26, 1996 Order at 10). The court also noted that overtime exemptions are to be narrowly construed against the employers seeking to assert them. (March 26, 1996 Order at 10).

Hampton County emphasizes that in *Bailey v. County of Georgetown,* which was decided after Allen, the Fourth Circuit Court of Appeals indicated that the fluctuating workweek was not an exception to the normal overtime requirements of the FLSA, but rather an "elaboration upon it." *Bailey v. County of Georgetown,* 94 F.3d 152, 154 n. 5 (4th Cir.1996).

However, finding § 114 an elaboration of overtime requirements instead of an exception to them does not likely mandate, as Hampton County contends, that § 114 be construed less narrowly against an employer.[3] Furthermore, the defendant employer maintains the burden of proving compliance with the requirements of § 114. *See Bailey,* 94 F.3d at 155–56 (approving jury instruction that employer was required to demonstrate compliance with the terms of § 114 by a preponderance of the evidence).

Regardless of the above considerations, use of the fluctuating workweek method is not lawful unless the employer complies with the mandates and conditions of 29 C.F.R. § 778.114. *See Oliver v. Mercy Medical Ctr.,* 695 F.2d 379, 381 & n. 4 (9th Cir. 1982) (noting § 778.114(a) inapplicable because of failure to meet several of its criteria); *cf. Rau v. Darling's Drug Store, Inc.,* 388 F.Supp. 877, 881 (W.D.Pa.1975) (construing the elements of the executive and administrative employee exemptions provided by 29 C.F.R. §§ 541.1, 541.2).

### 2. Application of § 114

#### a. Collateral Estoppel

In *Allen,* the court analyzed the requirements of § 114 and found that Hampton County had not complied with several of them. For example, the court held that Hampton County's policies for deducting leave and holiday pay in hourly increments treated deputies and jailers like hourly wage employees rather than salaried employees. (March 26, 1996 Order at 12–13).

Plaintiffs argue that Hampton County's Motion for Summary Judgment presents several issues, including arguments concerning the hourly deductions mentioned above and minimum wage adjustments, which were fully litigated and decided in *Allen.* Plaintiffs contend that the doctrine of collateral estoppel precludes Hampton County from relitigating these issues. However, post-Allen developments in the law regarding § 114 of the FLSA and changes in Hampton County's policies mandate that the doctrine of collateral estoppel not apply.[4]

#### b. Paid on a Salary Basis, § 114(a)

First, Plaintiffs argue that Hampton County fails to meet the requirement under § 114 that they be paid on a salary basis, instead of an hourly wage. According to Department of Labor Regulations,

(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

29 C.F.R. § § 41.118(a) (1995).

#### 1. Reductions in Pay

The initial consideration with respect to salaried status is whether the employee regularly receives each pay period a

---

**3.** The *Bailey* court did not comment on the effects of finding § 114 an "elaboration" instead of an "exception." This court is mindful that the FLSA should be given a broad reading, in favor of coverage. *Monahan v. County of Chesterfield, Virginia,* 95 F.3d 1263, 1267 (4th Cir.1996). The FLSA is a remedial statute that "has been construed liberally to apply to the furthest reaches with congressional direction." *Id.* (quoting *Kelley v. Alamo,* 964 F.2d 747, 749–50 (8th Cir. 1992)). Whether § 114 is an "elaboration" or an "exception" is probably just an issue of semantics.

**4.** Hampton County argues that the supervening decision in Bailey announced a different rule of law from that in *Allen* on the crucial question of whether § 114 created an exception to the FLSA. However, this court is not convinced that *Bailey* significantly "changed" the law for purposes of construction under the FLSA. Specifically, *Bailey* referred to § 114 as an "elaboration" instead of an "exception." *Bailey* did not change the burden of proof under § 114 or the fact that all criteria of § 114 must be met. *See* note 4, *supra.*

predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. *See Auer v. Robbins,* — U.S. —, —, 117 S.Ct. 905, 909, 137 L.Ed.2d 79 (1997). If there is an actual practice of making such deductions or an employment policy that creates a significant likelihood of such deductions, an employee is not considered to be "salaried." *Auer,* — U.S. at —, 117 S.Ct. at 910.[5]

Hampton County argues that it does not have an actual practice of making deductions or a policy which creates a significant likelihood of deductions from a Plaintiff's pay because of variations in the quantity of work performed. Hampton County emphasizes that its policy, although permitting reductions in sick and annual leave accounts for partial day absences,[6] guarantees that Plaintiffs will be provided full pay during each pay period.[7] Specifically, its policy is to provide Plaintiffs with full regular pay during any week even though Plaintiffs have run out of leave time from which to make deductions. During each pay period Plaintiffs' predetermined pay is not subject to reduction. Only leave time and holiday pay are subject to reduction.

Plaintiffs contend that reductions in leave time and holiday pay are equivalent to reductions in pay. Plaintiffs emphasize that in South Carolina "wages" include "vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract." *See* S.C.Code Ann. § 41–10–10(2). In fact, Hampton County has a policy of paying accrued leave to employees at the termination of their employment, up to a certain number of days. (Stipulation No. 11).

Plaintiffs argue they are subject to a reduction in pay under the meaning of § 114 because charges against a leave allowance during employment may then be construed as reductions in pay to the extent that any lump sum payment might be reduced. (Stipulation No. 11) (employees are entitled to be paid for up to 25 days of accrued leave upon leaving employment with Hampton County); *see Yourman v. Dinkins,* 826 F.Supp. 736, 738 (S.D.N.Y.1993) (acknowledging similar argument by plaintiffs), *aff'd,* 84 F.3d 655 (2d Cir.1996) *and judgment vacated by Giuliani v. Yourman,* — U.S. —, 117 S.Ct. 1078, 137 L.Ed.2d 213 (1997). Additionally, Plaintiffs assert that depleting their accrued sick leave causes a reduction in pay in the event of a serious illness because, once sick leave is exhausted, they are not paid for any week in which no hours are worked. (Stipulation No. 9).

Interestingly, courts have been reluctant to determine whether a deduction from a leave allowance is equal to a deduction in pay. *See Abshire v. County of Kern,* 908 F.2d 483, 487 n. 3 (9th Cir.1990) (declining to address whether employees subject to deductions would be salaried if the deductions were only from leave time and not base pay), *cert. denied,* 498 U.S. 1068, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991); *Yourman,* 826 F.Supp. at 738 n. 6 (noting that the argument equating charges against a leave allowance with deductions in pay is informative, but deciding motion on other grounds). The courts which have addressed whether deductions in leave allowances are equal to pay deductions are split. *Compare Thomas v. County of Fairfax,* 758 F.Supp. 353, 366 (E.D.Va.1991) (stat-

---

5. *Auer* was decided after *Allen.* Because *Auer* offers clarification concerning pay deduction that was not in front of this court at the time of the *Allen* decision, Hampton County is not collaterally estopped from arguing that Plaintiffs are salaried employees.

6. Hampton County's procedures and practices related to the hourly deductions and adjustments to Plaintiffs' pay for annual leave, sick leave, and holiday pay remain the same as when *Allen* was decided. (Stipulation No. 8). For example, Hampton County continues to require deputies

and jailers to account for their time on an hourly basis and to make deductions in increments of one hour, or even one-tenth of an hour, from holiday pay or from accrued annual and sick leave to account for a fixed number of hours each week. (Stipulation Nos. 7–10; Smith Depo. at pp. 29–31).

7. In *Allen,* Hampton County had no such policy. Although Plaintiffs assert that the new policy has not been implemented, they stipulated that their regular pay is never reduced. (Stipulation No. 8).

ing that while the concept of salary, strictly construed, may not include leave, the docking of one hour's leave affronts the concept of a salaried executive) *with Barner v. City of Novato,* 17 F.3d 1256 (9th Cir.1994) (determining that reduction in leave allowances for partial day absences does not affect a salaried employee's status) and *International Ass'n of Fire Fighters, Alexandria Local 2141 v. City of Alexandria,* 720 F.Supp. 1230, 1232 (E.D.Va.1989) (determining the docking of leave or accrued compensatory time for absences of less than an entire day does not defeat salaried status), *aff'd without opinion,* 912 F.2d 463 (4th Cir.1990).

The regulation elaborates on the meaning of a salaried, as opposed to hourly, employee: "[a salaried employee] regularly receives each pay period ... a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 554.118(a). At issue is whether the terms "amount" and "compensation" refer to cash only or to all forms of compensation.

This court cannot embrace Plaintiffs' arguments with respect to deductions in accrued annual or sick leave and holiday pay. Accrued leave and holiday pay are not a part of the predetermined pay Plaintiffs receive each workweek. Rather, they are fringe benefits Plaintiffs receive and their reduction is not equivalent to a reduction in pay. A reduction in paid leave time does not affect an employee's status as a salaried employee.

■ Plaintiffs assert several other arguments that they are hourly rather than salaried employees. Plaintiffs point out that Hampton County keeps an hourly accounting of their time. However, Hampton County must keep accurate time records of its employees, particularly for determining when overtime payments are due. Plaintiffs also argue that Elliot and Ginn, who are hourly employees and who receive overtime at the rate of time and a half, are not treated differently in any respect from them. However, unlike Plaintiffs' pay, Elliot's and Ginn's pay is subject to reduction if they run out of accrued leave time.

■ Plaintiffs also emphasize Hampton County's policy regarding holiday pay which states, "Employees who are paid on an hourly basis ... shall receive 8 hours pay for a legal holiday." (Stipulation No. 10). Plaintiffs argue that because they receive 8 hours pay for legal holidays, they are hourly paid employees.

However, the policy states that all regular employees are granted legal holidays with pay. The fact that Hampton County has determined to give its employees 8 hours pay for holidays is not a sufficient indication, standing alone, that Plaintiffs are hourly paid employees. Employers must be allowed to calculate the amount of fringe benefits on some rational basis—8 hours pay for a holiday seems to be a logical way to inform Plaintiffs of the amount of pay they will receive on holidays.

Plaintiffs are salaried employees. Under Hampton County's plan, Plaintiffs regularly receive each pay period a predetermined amount. As noted earlier, under Hampton County's policy, a Plaintiff's regular pay will never be reduced during a partial workweek, even if he runs out of leave time and holiday pay. (Stipulation No. 8). Because Plaintiffs receive, during each pay period, a predetermined amount constituting all or part of their compensation, they are salaried employees under the provisions of the FLSA.

### 2. Salary Paid for All Hours Worked

■ Another requirement within the concept of "salaried employee" under 29 C.F.R. § 541.118(a) and, thus under § 114(a), is that the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. In other words, the salary must be paid pursuant to an understanding that the employee will receive a fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. 29 C.F.R. § 541.118(a).

Plaintiffs argue that their salary was not paid without regard to the number of hours worked, because none of them worked a schedule in which their hours fluctuated below 40 (jailers) or 43 (deputies) hours per week. They contend that they were sched-

# 398

uled each week to work 40 or 43 hours, and the only fluctuation was in their overtime hours.

.However, the Wage and Hour Administrator has explained that there is no requirement, for purposes of § 114, that the hours worked during a workweek fluctuate above and below 40. Wage & Hour Adm. Op. Ltr. No. 693, October 27, 1967. Although Plaintiffs presumably never worked less than 40 or 43 hours each workweek,[8] § 114 applies because the amount of overtime they worked each workweek varied. *See Condo,* 1 F.3d at 602–603 (distinguishing § 114 from 29 U.S.C. § 207(f) and determining that where plaintiff's non-overtime hours did not fluctuate, but his overtime hours did, plaintiff fell within § 114 and not § 207(f)) (citing *Triple "AAA" Co. v. Wirtz,* 378 F.2d 884 (10th Cir. 1967)).

### c. Salary to Provide Minimum Wage, § 114(a) & (c)

■ Next, Plaintiffs argue that Hampton County fails to meet § 114's minimum wage requirements. Plaintiffs argue that Hampton County's minimum wage adjustment is an addition to Plaintiffs' pay, and thus indicates their salaries are not sufficient to provide for minimum wage for those weeks in which substantial overtime hours are worked.[9]

Under the "fluctuating workweek" method of overtime payment, the salary paid must be sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the employee worked the greatest number of hours. § 114(a) & (c). In other words, the fluctuating workweek method of overtime payment may not be used unless the salary is suffi-

ciently large to assure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate applicable under the Act. § 114(a) & (c); *see* Administrative Ltr. Rul., U.S. Department of Labor, Wage & Hour Division, May 18, 1966 (no number assigned) ("When a salary is paid for a fluctuating workweek it must not only in fact assure that no workweek will be worked in which the salary fails to provide at least the current statutory minimum hourly rate ..., but the salary must also be so arranged that it is reasonably calculated to provide for such a statutory minimum."); *see also Oliver v. Mercy Medical Center,* 695 F.2d 379, 381 n..4 (9th Cir.1982) (citing 29 C.F.R. § 778.114(a)) (determining the fluctuating workweek method of overtime compensation may not be used if an employee's actual hourly rate is less than the statutory minimum wage).

In *Allen,* this court determined that the frequency with which Ms. Smith, Hampton County's Finance Director, "had to apply a minimum wage adjustment to Plaintiffs' salary to bring it up to the minimum wage amount for the number of hours worked," indicated that Plaintiffs' salaries were not reasonably calculated to provide for the statutory minimum wage amount. (March 26, 1996 Order at 19). Plaintiffs concede that, after the *Allen* decision, the instances giving rise to the need for minimum wage adjustments have fallen sharply.[10] Thus, Hampton County argues, the limited number of times an adjustment was made indicates that its salary was reasonably calculated to provide at least the applicable statutory minimum wage. *See* Wage–Hour Administrator Opinion Letter 945 dated February 6, 1969

---

**8.** As indicated above, Hampton County's policy of deducting time from Plaintiffs' leave accounts for partial day absences in order to reach 40 or 43 hours in a workweek is permissible.

**9.** Plaintiffs alternatively argue that Hampton County's use of a minimum wage adjustment is a supplement to their salaries. This "supplement" indicates they are not paid a "fixed amount" and creates a fluctuating salary rather than a fluctuating workweek. However, Plaintiffs receive annualized regular pay which is set by Hampton County Council. (Stipulation No. 6). This court

is not persuaded by Plaintiffs' argument that their salaries fluctuate, and thus are not a fixed amount.

**10.** Between early 1992 and January 1995, Ms. Smith made minimum wage adjustments more than 450 times. Since January 23, 1995, the parties have identified only 5 workweeks in which an employee's salary would not have equaled the statutory minimum wage without using an adjustment.

(concluding that if salary were reasonably calculated to provide at least the applicable minimum statutory wage, that the bona fides of the pay plan would not fail solely on the grounds that in five weeks in an annual period, due to emergencies or unforseen circumstances, the employee's salary failed to provide at least the applicable minimum hourly rate of pay); *see also* Wage–Hour Administrator Opinion Letter 1010 dated June 12, 1969.

Clearly, Wage and Hour Administrator Opinion Letter 945 supports the use of the minimum wage adjustment on an infrequent basis in particular circumstances. Here, Hampton County has gone from using the minimum wage adjustment over 450 times during an approximately three year period to using it five times during a two year period. The limited number of times the minimum wage adjustment has been used is a strong indication that it was employed as a result of unforseen circumstances.

The only reasonable inference to be drawn from the limited number of times Hampton County has used the minimum wage adjustment on a Plaintiff's salary is that it was necessitated by unforseen circumstances. Plaintiffs' salaries have been reasonably calculated to provide at least the statutory minimum wage in any given workweek.

#### d. Overtime Hour Rate Greater Than Non-overtime Hour Rate

 Finally, Plaintiffs argue that Hampton County fails to satisfy § 114 because, in certain instances, the hourly wages paid to them for overtime hours are less than those which would have been paid if they had worked a full schedule with no overtime. Section 114(c) prohibits an employer's use of the fluctuating workweek overtime formula where an employee is being paid for his overtime "at a rate no greater than that which he receives for non-overtime hours." 29 C.F.R. § 114(c); *see also Allen* (March 26, 1996 Order at 15) (determining that the fluctuating workweek method of overtime compensation may not be used where an employee is being paid for his overtime hours at a rate no greater than that which he receives for non-overtime hours).

Plaintiffs' two examples involve instances where a Plaintiff earned holiday pay. For example, Plaintiff Israel Aiken received his salary for the workweeks from November 13, 1995 to November 26, 1995. He received straight time pay for working 80 hours during those weeks. Because he also worked on two holidays, he received 16 hours holiday pay. Plaintiff Aiken also got credit for 16 hours overtime as a result of working the two holidays.

Plaintiff Aiken would have been entitled to the 16 hours holiday pay whether or not he had worked on the two holidays. Because he worked on those two holidays, he also received overtime pay. Plaintiffs compare the 16 hours overtime pay ($45.69) with the 16 hours holiday pay ($110.77) to determine that Plaintiff Aiken's hourly wages for overtime were less than those that would have been paid if he had worked a full schedule with no overtime.

First, the holiday pay is not part of a Plaintiff's salary but rather, as indicated above, a fringe benefit in addition to his regular salary. Thus, a comparison between the amount of holiday pay and the amount of overtime pay is not proper. Second, the actual amount paid for the overtime is not merely $45.69, but rather $45.69 in addition to Plaintiff Aiken's regular salary. Thus, the comparison between $45.69 and $110.77 is misleading because the concept of receiving a salary under § 114 assumes that the employee occasionally may be required to work longer weeks.[11]

An explanation of the concept behind § 114 is helpful. Plaintiffs understand that the salary they receive covers whatever hours they work in a workweek. (Stipulation No. 1). As employees on a fixed salary, Plaintiffs have, in effect, already been "paid" at their regular rate for whatever overtime

---

11. Section 114(c) requires that "the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked." 29 C.F.R. § 778.114(c).

hours they may have worked. *See Knight v. Morris,* 693 F.Supp. 439, 445 (W.D.Va.1988).

In the case of Plaintiff Aiken, the $45.69 he received as overtime compensation was in addition to the salary he received for working those hours. Thus, Plaintiff Aiken received an amount for his overtime hours which was greater than the amount he received for his non-overtime hours.

### 3. *Damages*

Because the court has concluded Hampton County has not violated the FLSA, a discussion of damages is not warranted.

### C. CONCLUSION

For the reasons stated above, Hampton County's Motion for Summary Judgment is granted, and Plaintiffs' Motion for Summary Judgment is denied.

It is therefore,

**ORDERED**, that Defendant Hampton County's Motion for Summary Judgment be **GRANTED** and Plaintiffs' Motion for Summary Judgment be **DENIED**.

**AND IT IS SO ORDERED**.