John W. THOBURN, Plaintiff–third–party–Appellee,

v.

George C. KEEFE, Defendant—Appellant,

Global Encasement, Inc., a California corporation, Defendant-counter-claimant—Appellant.

No. 01–56342.

D.C. No. CV–00–07927–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Sept. 6, 2002.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Global Encasement, Inc. and George Keefe (collectively "Appellants") appeal the district court's order granting John Thoburn's motion to enforce the parties' settlement agreement, including a non-party release, and dismissing the action without prejudice. We have jurisdiction pursu-

---

ant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the procedural and factual history of the case, we do not recount it here except as necessary to explain our decision.

We review the district court's decision to enforce the settlement agreement for an abuse of discretion. *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994). Reversal is appropriate only if the court based its decision upon an error of law or clearly erroneous findings of fact. *Id.* We review *de novo*, and under California law, the district court's interpretation of the oral settlement agreement reached by the parties on the record. *See United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir.1992).

A settlement agreement is treated as any other contract for purposes of interpretation. *Id.* Under California law, the mutual intent of the parties at the time of contracting determines the contract's meaning. *See* Cal. Civ.Code § 1636; *Frankel v. Bd. Of Dental Exam'rs*, 46 Cal.App.4th 534, 54 Cal.Rptr.2d 128, 134 (1996). The intention of the parties must be determined first from the language of the contract itself. *See* Cal. Civ.Code § 1638; *Frankel*, 54 Cal.Rptr.2d at 134. Likewise, the words of a contract are to be understood in their ordinary and popular sense. *See* Cal. Civ.Code § 1644; *Beck v. Am. Health Group Int'l, Inc.*, 211 Cal. App.3d 1555, 260 Cal.Rptr. 237, 242 (1989).

In this case, the magistrate judge placed the terms of the settlement agreement on the record. Part of the settlement agreement included the following:

[T]he parties ... will provide a release for Joe Cusenza and his company, Global Tech. Except with respect to claims alleged to date in the lawsuit pending in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

New York and except in so far as—excuse me—that is subject to verification by New York counsel of Global [Encasement], which verification will be obtained not later than the close of business tomorrow, March 2, 2001.

Following this recital, both parties stated on the record that they agreed to these terms and that they understood them to be binding. When the parties attempted to reduce the settlement agreement to writing, however, they were unable to agree because of their differing views regarding the non-party release. Thoburn took the position that the "verification by New York counsel" language was simply a factual verification of the claims alleged to date in the New York litigation, and was included in the agreement so that claims and counterclaims already alleged in that litigation would not be inadvertently released. Appellants' California counsel, however, argued that the non-party release was contingent upon New York counsel's authorization, and that New York counsel had refused to approve the release. Thus, California counsel for Appellants claimed that the resulting settlement excluded the non-party release, but included the agreement's remaining terms. Through the grant of a motion to enforce, the district court agreed with Thoburn. We find no abuse of discretion in that ruling.

The language of the oral settlement evinces the parties' intent that Appellants' New York counsel did not have the authority to accept or reject the release. Rather, the role of New York counsel was limited to identifying which claims had in fact been alleged in the New York litigation as of March 1, 2001. Indeed, the language clearly shows that Appellants' consent to the non-party release was unconditional: "Global ... *will* provide a release ... ." *See Frankel,* 54 Cal.Rptr.2d at 137–38 ("Conditions precedent are not favored in the law ..., and courts shall not construe a term of the contract so as to establish a condition precedent absent plain and unambiguous contract language to that effect.").

Appellants' argument that the "plain language" of the non-party release shows that it was subject to their New York counsel's authorization is without merit. To accept such an argument would confuse the definitions of "verify" and "authorize." *Compare* CAMBRIDGE DICTIONARY (defining "verification" as "mak[ing] certain of or prov[ing] the truth or accuracy of" a matter), *with id.* (defining "authorization" as "giv[ing] official permission for (something) to happen, or ... giving (someone) official permission (to do something)"). The argument is also unconvincing because the "subject to verification" language modifies the "claims" excepted from the non-party release, not the actual obligation to provide the release. This placement of the qualifying "subject to verification" language confirms that Appellants' New York counsel had authority, only to "verify" the exceptions to the obligation, not to accept or reject the obligation to grant the non-party release. Thus, the most reasonable interpretation of the non-party-release language is that Appellants' New York counsel was to make certain that the claims excepted from the release were the claims that had been alleged in the New York litigation as of March 1, 2001. *See* Cal. Civ.Code § 1643; *Frankel,* 54 Cal.Rptr.2d at 134 ("The court should accord an interpretation which is reasonable.").[1]

---

1. The circumstances of the oral settlement also undermine Appellants' claim that they could not commit to the non-party release without first obtaining their New York counsel's authorization. *See* Cal. Civ.Code § 1647 ("A contract may be explained by reference to

Appellants further argue that the district court's order, which was drafted by Thoburn, impermissibly included terms contrary to those orally agreed upon by the parties on the record. Specifically, Appellants contend that the order improperly (1) excluded from the non-party release "all claims *and defenses*" alleged in the New York litigation as of March 1, 2001, when Magistrate Judge Zarefsky carved out only "claims alleged to date in the lawsuit pending in New York," and (2) added the requirement that those claims and defenses be "alleged in pleadings filed." We reject both arguments, finding that the order's language is a reasonable construction of Judge Zarefsky's words.

The exclusion of both claims and defenses from the non-party release is sensible; the release of defenses, but not claims, would preclude the parties to the New York litigation from defending themselves against the claims of the other. Moreover, the exclusion of defenses from the non-party release is consistent with Appellants' counsel's stated understanding of the carve-out in the March 2, 2001 letter to Thoburn's counsel. Regarding the non-party release, Appellants' counsel wrote: "We understand that any release in this matter would directly implicate Global/Keefe's affirmative defenses in the New York action." Likewise, the order's reference to claims and defenses "alleged in pleadings filed" in the New York litigation as of March 1, 2001 is a fair and practical way of identifying what claims and defenses had been alleged in that lawsuit as of that date. Because Appellants' New York counsel refused to verify what claims had

been alleged, Appellants cannot now object to this very reasonable construction of the non-party release submitted by Thoburn and accepted by the district court.

Finally, Thoburn argues that Appellants' appeal is frivolous and seeks sanctions, including an award of attorneys' fees incurred in opposing this appeal and enforcing the settlement agreement. We have discretion to award attorneys' fees and double costs as a sanction against the bringing of a frivolous appeal. 28 U.S.C. § 1912; Fed. R.App. P. 38; *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir.1984). "Courts have typically awarded … sanctions [for the bringing of a frivolous appeal] in two types of cases: (1) when the appeal was wholly without merit or the result was obvious, and (2) when the appeal was not only frivolous but also taken in bad faith for purposes of delay or harassment." *Davis v. Jackson (In re Transcon. Energy Corp.)*, 764 F.2d 1296, 1300 (9th Cir.1985) (internal quotation marks omitted). We find that this case does not rise to either level and deny the request for sanctions.

AFFIRMED.

the circumstances under which it was made, and the matter to which it relates."). Magistrate Judge Zarefsky's order regarding the settlement conference required the presence of "a person with full settlement authority" for each party, and that each party "be fully prepared to discuss all economic and non-

economic factors relevant to a full and final settlement of the case." In a letter delivered to Appellants' California counsel several weeks before the settlement conference, Thoburn's counsel put forward the non-party release as a term of the proposed settlement.