**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANDREAS M. KOGELNIK,<br><br>Debtor. | No. 22-60018 |
| SPARK FACTOR DESIGN, INC.;<br>WORKING DIRT R2, LLC,<br><br>     Appellants,<br><br>  v.<br><br>ANDREAS M. KOGELNIK,<br><br>     Appellee. | BAP No. NC-21-1234-FBS<br><br>Bk. No. 21-50203<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Brand, and Spraker, Bankruptcy Judges, Presiding

Argued and Submitted October 2, 2023
San Francisco, California

Before: W. FLETCHER, CALLAHAN, and LEE, Circuit Judges.

The bankruptcy court approved a settlement agreement between chapter 11 debtor Dr. Andreas M. Kogelnik and the chapter 7 trustee (Trustee) of Open Medicine Institute, Inc. (OMI) over the objections of some of Dr. Kogelnik's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

creditors. The Bankruptcy Appellate Panel for the Ninth Circuit affirmed. Two of those creditors, Spark Factor Design, Inc. and Working Dirt R2, LLC, now appeal. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

Under the terms of the proposed compromise, Dr. Kogelnik agreed to subordinate his $1.35 million proof of claim in OMI's bankruptcy to the allowed claims of all non-insiders. His wholly-owned company, Basis Diagnostics, Inc. (Basis), would purchase the OMI estate's right to litigate certain bankruptcy and breach of fiduciary claims against Spark Factor, Working Dirt, and their affiliates for $200,000 in cash and a portion of the potential net recovery on those claims. In exchange, the Trustee agreed to (1) settle all of the OMI estate's claims against Dr. Kogelnik, Basis, and Open Medicine Clinic, Inc., another of Dr. Kogelnik's wholly-owned companies; and (2) withdraw the OMI estate's claim in Dr. Kogelnik's bankruptcy with prejudice.

Bankruptcy courts can approve a proposed compromise of the estate's claims so long as it is fair and equitable. *In re A & C Props*., 784 F.2d 1377, 1381 (9th Cir. 1986); *see also* Fed. R. Bankr. P. 9019(a). Courts in this circuit determine if a settlement is fair and equitable under the four-factor standard set out in *A & C Properties*, which considers "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

2

attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Id*. at 1381. We review these determinations for abuse of discretion. *Id.* at 1380.

Spark Factor and Working Dirt challenge the bankruptcy court's findings only as to the last *A & C Properties* factor. They assert three arguments as to why the bankruptcy court erred in concluding Dr. Kogelnik's proposed settlement served the interests of his creditors, all of which fail.[1]

First, Spark Factor and Working Dirt argue that the bankruptcy court erred in concluding that the only loss to Dr. Kogelnik's creditors from the proposed compromise is the foregone possibility of recovery on his $1.35 million proof of claim against OMI. They assert that this finding ignores the $200,000 in cash and estimated $1 million in legal fees that Basis would expend to purchase and litigate the claims against them. That argument is unpersuasive. Spark Factor and Working Dirt have not shown that Basis's assets were part of Dr. Kogelnik's estate, or that

---

[1] We reject Dr. Kogelnik's contention that Spark Factor and Working Dirt waived their arguments on appeal. Dr. Kogelnik and the Trustee filed parallel motions to enter into the same compromise. Spark Factor and Working Dirt objected to both. But they filed their objection to the Trustee's motion in Dr. Kogelnik's bankruptcy. The bankruptcy court, which granted both motions in a single order, acknowledged as much, but still addressed the arguments raised by Spark Factor and Working Dirt in so far as they were relevant to Dr. Kogelnik. Because Spark Factor and Working Dirt's arguments were "raised sufficiently for the trial court to rule" on them, we do not find them waived. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (citation omitted).

Basis could be forced to pay Dr. Kogelnik's creditors. The bankruptcy court correctly found that the cost of the compromise to Dr. Kogelnik's estate—and therefore the focus of the interests of Dr. Kogelnik's creditors—was the potential value lost in subordinating Dr. Kogelnik's proof of claim in OMI's bankruptcy.

Second, Spark Factor and Working Dirt argue that the bankruptcy court ignored evidence suggesting that the claims against them (which Basis would purchase in the compromise) were worthless. Because Basis is separable from Dr. Kogelnik's estate, the value (or lack thereof) of any assets that Basis purchases is immaterial to the estate's creditors. Solely from their perspective as Dr. Kogelnik's creditors, Spark Factor and Working Dirt have no interest in the claims purchased by Basis. But even if they did, the bankruptcy court was entitled to "weigh[] the evidence presented" and exercise its discretion in crediting Dr. Kogelnik's assertion that these claims could have value. *A & C Props.*, 784 F.2d at 1381.

Finally, Spark Factor and Working Dirt argue that the bankruptcy court failed to consider that creditors holding a majority of the claims filed against Dr. Kogelnik objected to the proposed compromise. Bankruptcy courts are obliged to consider the "proper deference" to be shown to creditors' reasonable views on the proposed compromise. *A & C Props.*, 784 F.2d at 1381. But while the bankruptcy court "should carefully consider the wishes of a majority of the creditors," those wishes are "not binding." *In re Transcon. Energy Corp.*, 764 F.2d 1296, 1299 (9th Cir.

4

1985).  Here, the bankruptcy court did just that:  it considered Spark Factor and Working Dirt's objections but ultimately concluded that all of Dr. Kogelnik's creditors, including Spark Factor and Working Dirt, only benefitted from the compromise's terms.

Accordingly, because the bankruptcy court adequately considered all of the *A & C Properties* factors, it did not abuse its discretion in granting Dr. Kogelnik's motion to compromise controversies.

**AFFIRMED.**[2]

---

[2] The pending motion for judicial notice, **Dkt. 20**, is denied as moot.