**Ralph CONDO, Plaintiff–Appellant,**

v.

**SYSCO CORPORATION,
Defendant–Appellee.**

No. 92–3684.

United States Court of Appeals,
Seventh Circuit.

Argued April 16, 1993.

Decided Aug. 4, 1993.

Douglas W. Graham (argued), Chicago, IL, for plaintiff-appellant.

Kathleen M. Paravola and Walter P. Loomis, Jr. (argued), Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for defendant-appellee.

Before COFFEY, EASTERBROOK, and ROVNER, Circuit Judges.

COFFEY, Circuit Judge.

Ralph Condo sued his employer, Sysco Corporation, claiming that Sysco's practice of paying him a fixed salary for all hours worked and one-half of his hourly rate for each hour that he worked overtime violated § 7(a)(1) of the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 207(a)(1) (1988), and its equivalent under Illinois law, 820 ILCS 105/4a(1) (1993). The district court entered summary judgment in favor of Sysco, and we affirm.

## I. BACKGROUND

On March 23, 1984, Condo entered into a written employment contract with Sysco Corporation. Under the terms of the contract, Condo's duties were serving as chauffeur for Sysco's chairman of the board and working in the company's mail room. The job entailed significant overtime. In exchange for his services, Condo received a fixed salary of $400 per week for all hours worked plus overtime pay for all hours worked in excess of forty. The amount of overtime pay was calculated by dividing Condo's fixed weekly salary of $400 by the total number of hours that he worked each week to yield an hourly rate of pay for the workweek. All hours that Condo worked in excess of forty were compensated at fifty percent of this hourly rate. For purposes of clarification, the employment contract included illustrations of how Condo's overtime pay was to be calculated.[1]

---

**1.** For example, the chart illustrated how Condo's total salary for weeks during which he worked for fifty hours would be $440: For fifty-hour workweeks (as for all workweeks) Condo's base pay would be $400. Overtime pay would be one-half of the hourly rate (i.e., ½ of fifty hours divided into $400, or $4.00), multiplied by the ten hours of overtime worked, which results in a

Condo was paid for his services in accordance with the terms of this contract from March 23, 1984, until October 2, 1986.[2] In March of 1991 Condo brought an action against Sysco, alleging that the system it had used to calculate his compensation violated § 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1) (1988), and the parallel section of the Illinois Minimum Wage Law, 820 ILCS 105/4a(1) (1993). Section 7(a)(1) of the FLSA provides that an employee shall not be employed for more than forty hours in a given week unless the employee receives compensation for all hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed." The language of the Illinois law is substantially the same. Condo argued that the system of payment for overtime in the contract violated the federal and state laws because under the system he was paid for his overtime hours not at a rate of one and one-half times his hourly rate of pay as is mandated by these laws, but rather at a rate of only one-half his hourly rate of pay. Each party moved for summary judgment, and the district court entered judgment in Sysco's favor. The court found that the system of payment was consistent with § 7(a)(1) of the FLSA and its counterpart under Illinois law, and furthermore, that the system was explicitly authorized by 29 C.F.R. § 778.114 (1992), a regulation promulgated by the Department of Labor to help explain § 7(a), and by Illinois Administrative Code tit. 56, § 200.420(f) (1991), the corresponding state regulation. This appeal followed.

## II. DISCUSSION

■ On appeal, Condo contends that summary judgment in favor of Sysco was inappropriate because the district court incorrectly concluded that the system used by Sysco to compensate him for working overtime complied with § 7(a)(1) of the FLSA.[3] We review issues decided on summary judgment *de novo* and resolve all reasonable inferences in favor of the nonmoving party. *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir.1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The parties agree that Condo was paid for working overtime in accordance with the employment contract and that the system of payment used by Sysco is the system enumerated in 29 C.F.R. § 778.114. The only points of contention are whether the district court correctly concluded that § 778.-114 applies to this case and, if so, whether the regulation is lawful.

### A. Does section 778.114 apply to this case?

■ Section 778.114 provides that a salaried employee whose hours of work fluctuate from week to week may reach a mutual understanding with his employer that he will receive a fixed amount as straight-time pay for whatever hours he is called upon to work in a workweek, whether few or many, and that he will be compensated for his overtime work at a rate of fifty percent of his regular hourly pay. 29 C.F.R. § 778.114(a). The regular hourly pay is calculated by dividing the employee's regular, weekly pay by the total number of hours that he worked during

---

sum of $40.00. This overtime pay added to the base pay results in the total weekly salary of $440. For sixty-hour weeks, the chart explained that Condo's total salary would be $400 + (½ ($400/60 hours)) × 18 hours, or $466.60. The chart also provided examples for workweeks of fifty-eight hours, fifty-five hours, forty hours, and fifty-three hours.

2. On October 2, 1986, Sysco fixed Condo's hourly rate for regular time at $9.00 and his hourly rate for overtime at one and one-half of this figure, or $13.50.

3. The parties agree that § 7(a)(1) of the FLSA and § 4a(1) of the Illinois Minimum Wage Law are coextensive and, therefore, if the system used by Sysco to compensate Condo for working overtime complies with the FLSA, it also complies with Illinois law. The Illinois Administrative Code supports this proposition, *see* Ill.Admin.Code tit. 56, § 200.170 (1991), as does Illinois case law. *See Haynes v. Tru–Green Corp.*, 154 Ill. App.3d 967, 977, 107 Ill.Dec. 792, 798, 507 N.E.2d 945, 951 (1987). Accordingly, we frame our analysis (as the parties have framed theirs) in terms of whether the system complies with the FLSA.

the week. *Id.* The fixed amount must be sufficient to provide compensation at a regular rate of not less than the minimum hourly rate, 29 U.S.C. § 206(a)(1) (1988 & Supp. III 1991), and the overtime premium cannot be less than one-half the regular rate. 29 C.F.R. § 778.114(c).

Each of the requirements of the regulation was satisfied in this case. Condo worked fluctuating hours (although Condo never worked fewer than forty hours each week, the amount of overtime that he worked varied) for a fixed salary. Condo and Sysco had a mutual understanding that Condo would be paid according to the system that is set forth in § 778.114 and the employment contract.[4] Condo's fixed salary of $400 per week was more than sufficient to provide compensation at a regular rate of not less than the minimum hourly rate. Finally, the overtime premium that Condo received was not less than one-half the regular hourly rate, for the contract states: "You will receive half (½) of the weekly hourly rate on all hours worked in excess of 40 per week."

▮ Condo argues that § 778.114 does not apply to this case because the regulation applies only to employment contracts that are authorized by § 7(f) of the FLSA, 29 U.S.C. § 207(f) (1988), and his contract was not of that type. Section 7(f) provides an exception to § 7(a)'s requirement that an employee who works more than forty hours in a week must receive compensation for working overtime at a rate of at least one and one-half times his regular hourly rate. Under § 7(f), if an employee's hours of work are "irregular," his employer can pay him a guaranteed salary of an amount that compensates overtime for up to sixty hours per week. The salary cannot fall below the statutory minimum hourly rate, and the employer must pay one and one-half times the employee's weekly rate for hours in excess of

the agreed-upon workweek. 29 U.S.C. § 207(f).

The parties (as well as the district court) agree that § 7(f) is irrelevant to this case because Condo's duties did not necessitate "irregular hours of work" within the meaning of the provision. The regulations make it clear that an employee's hours of work cannot be considered "irregular" for purposes of § 7(f) unless both his nonovertime hours and his overtime hours fluctuate. *See* 29 C.F.R. §§ 778.405, 776.405 (1992); *see also Donovan v. Brown Equip. & Tools, Inc.*, 666 F.2d 148 (5th Cir.1982) (section 7(f) exception does not apply unless the employee's hours fluctuate above and below forty hours per week); *Foremost Dairies, Inc. v. Wirtz*, 381 F.2d 653, 661 (5th Cir.1967) (same). Condo's overtime hours fluctuated, but his regular hours did not: he always worked at least forty hours each week. As such, § 7(f) does not apply to Condo. Condo submits that because § 7(f) cannot apply, neither can § 787.114, because the regulation "does nothing more than demonstrate the necessary arithmetic to determine overtime pay under a § 7(f) contract, to explain the fact that the employee has already received his 'straight time' compensation for his overtime hours, and need only be paid the 'half time' to which he is additionally entitled."

We disagree. Condo's position was explicitly rejected by the Fifth Circuit in *Yadav v. Coleman Oldsmobile, Inc.*, 538 F.2d 1206 (5th Cir.1976) (per curiam). There the court found that an employee who had worked a "fluctuating work week" within the meaning of § 787.114, but who had not worked "irregular hours" within the meaning of § 7(f), was entitled to back pay for 1500 overtime hours. *Id.* at 1208. The court stated that "[t]he application of the 'fluctuating work week' formula is not at all dependent upon a finding that the employer is entitled to the ex-

---

4. Condo argued in the district court that the manner in which his wages were calculated was never clear to him, but he has abandoned that argument on appeal. The district court concluded that Condo understood how he was to be compensated for working overtime. In reaching its conclusion, the court found undisputed facts indicating that Condo understood that his job required varying periods of overtime and that the more overtime he worked, the less he would be paid for it. The court found it significant that Condo had signed the written contract, and that the contract contained a chart illustrating precisely how Condo's overtime pay would vary in relation to the number of hours that he worked each week.

ception commonly referred to as the 'Belo' provision." [5] *Id.*

The Appellate Court of Illinois reached the same conclusion in *Haynes v. Tru–Green Corp.*, 154 Ill.App.3d 967, 107 Ill.Dec. 792, 507 N.E.2d 945 (1987). Haynes, the employee, never worked fewer than forty hours per week, but worked up to forty hours of overtime per week. Tru–Green paid him by using the system that is described in § 778.114. *Id.*, 107 Ill.Dec. at 793–94, 507 N.E.2d at 946–47. Haynes made substantially the same argument that Condo advances here: the "fluctuating-workweek" regulation should not be applied unless the "irregular hours" requirement of FLSA § 7(f) is satisfied. *Id.*, 107 Ill.Dec. at 796, 507 N.E.2d at 949. The court rejected this argument and held that § 778.114 may be applied when an employer does not qualify for the § 7(f) exception. *See also Triple "AAA" Co. v. Wirtz*, 378 F.2d 884 (10th Cir.1967) (applying § 778.114 where § 7(f) did not apply because employees always worked at least forty hours per week). We find these decisions to be persuasive and reject Condo's invitation to ignore the distinction between § 7(e) of the FLSA and § 787.411.

In sum, § 7(f) cannot apply unless an employee's hours fluctuate both above and below forty hours per week. If § 7(f) does not apply, an employee must be compensated for working overtime in accordance with § 7(a). If § 7(a) applies and the employee's hours fluctuate above but not below forty hours per week, an employer may choose to compensate the employee pursuant to the system that is set forth in § 778.114. The number of hours that Condo worked each week did not fluctuate below forty and, as such, was not "irregular" for purposes of § 7(f). Sysco therefore had to compensate Condo for working overtime in accordance with § 7(a). Because Condo worked varying amounts of overtime hours, the number of hours that he worked "fluctuated" for purposes of § 787.-114. Thus, as the district court concluded, § 787.114 applies in this case. We now address the second issue that Condo raises.

### B. Is section 778.114 a lawful regulation?

Although § 778.114 applies in this case, Sysco cannot prevail unless the regulation complies with the FLSA. The Secretary of Labor administers the FLSA. 29 U.S.C. § 204 (1988). Section 778.114, the regulation at the crux of this appeal, is the Secretary's interpretation of § 7(a)(1) of the Act. As we have seen, § 778.114 authorizes the system of compensation that was used by Sysco. Condo asserts, correctly, that a regulation cannot contravene the will of Congress as expressed in a statute. *See, e.g., FEC v. Democratic Senatorial Campaign Committee*, 454 U.S. 27, 32, 102 S.Ct. 38, 42, 70 L.Ed.2d 23 (1981); *SEC v. Sloan*, 436 U.S. 103, 117–18, 98 S.Ct. 1702, 1711, 56 L.Ed.2d 148 (1978); *FTC v. Colgate–Palmolive Co.*, 380 U.S. 374, 385, 85 S.Ct. 1035, 1042, 13 L.Ed.2d 904 (1965). We therefore must determine whether the Secretary's regulation is a permissible interpretation of § 7(a)(1) of the FLSA.

In *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), the Supreme Court established a three-step analysis for judicial review of an agency's interpretation of a statute that it administers. The threshold inquiry is whether Congress clearly expressed its intent in the plain language of the statute. "If the intent of Congress is clear, that is the end of the matter; for the Court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43, 104 S.Ct. at 2782. The first step in determining the intent of Congress is to examine the plain language of the statute. "The plain language of the statute should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1992) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973

---

**5.** Section 7(f) is referred to as the *"Belo"* provision because Congress added the provision to the FLSA in 1949 in response to two decisions of the Supreme Court, *Walling v. A.H. Belo Corp.*, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942), and *Walling v. Halliburton Oil Well Cementing Co.*, 331 U.S. 17, 67 S.Ct. 1056, 91 L.Ed. 1312 (1947).

**604**

(1982)); *see also Connecticut Nat'l Bank v. Germain,* — U.S. —, —, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (When the words of a statute are unambiguous, "judicial inquiry is complete."). In deciding whether the intent of Congress is clear, a court is to employ the traditional rules of statutory construction. *See, e.g., EEOC v. Arabian Am. Oil Co.,* 499 U.S. 244, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991).

█ If the language of the statute is determined to be either ambiguous or silent on the issue, however, the reviewing court is to proceed to a second inquiry: whether Congress delegated to the agency the authority to make the legal interpretation in issue. *Chevron,* 467 U.S. at 843–44, 104 S.Ct. at 2782; *see also Homemakers North Shore, Inc. v. Bowen,* 832 F.2d 408, 411–12 (7th Cir.1987). If Congress intended no such delegation, the reviewing court must interpret the statute with little deference to the agency's interpretation, for the judiciary is the final authority on issues of statutory construction. *Chevron,* 467 U.S. at 843 n. 9, 104 S.Ct. at 2782 n. 9. If, however, Congress intended to deputize the agency with the authority to interpret the statute, the reviewing court is to make a third inquiry: "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. at 2782. So long as the agency's interpretation is reasonable, the court should defer to that interpretation and not impose its own construction on the statute. *Id.*

█ The language of the FLSA is our starting point. Section 7(a)(1) provides in relevant part that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified *at a rate not less than one and one-half times the regular rate at which he is employed.*" 29 U.S.C. § 207(a)(1) (emphasis added). Congress has expressed unambiguously its intent that an employee receive 150% of his "regular rate" of pay for each hour that he works over forty during a given workweek. But Congress did not express its intent with respect to the precise issue in this case, whether an employer can pay an employee whose hours of work fluctuate for working overtime using a different system of payment than he uses to pay an employee whose hours do not fluctuate. In fact, the Act does not even mention the notion of "fluctuating hours." That is not surprising. It is impossible for Congress to consider every contingency that arises in the workplace. Indeed, as noted above, the "irregular hours" provision, 29 U.S.C. § 207(f), was not part of the FLSA until Congress enacted it in response to the Supreme Court's decisions in *Walling v. A.H. Belo Corp.,* 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942) and *Walling v. Halliburton Oil Well Cementing Co.,* 331 U.S. 17 (1947). Because Congress has not spoken to the precise issue in this case, we need to proceed further and determine whether Congress deputized the Secretary of Labor with the authority to interpret § 7(a)(1) of the FLSA.[6]

This need not detain us long. In 29 U.S.C. § 204, Congress explicitly granted the Secretary of Labor the duty of administering the Act. *See Skidmore v. Swift & Co.,* 323 U.S. 134, 137–38, 139–40, 65 S.Ct. 161, 163, 89 L.Ed. 124 (1944). "The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of

---

**6.** Although the "regular rate" is at the heart of § 7(a)(1), the FLSA does not explain how it is computed. (Section 7(e) helps by telling us what remuneration is and is not included in the regular rate, but stops short of telling us how it is computed. *See* 29 U.S.C. § 207(c).) Nevertheless, how the regular rate is computed is not an issue in this case, for Condo concedes that the formula for computing the regular rate that is set forth in § 778.114 complies with § 7(a)(1) of the FLSA. In his complaint Condo alleged that, pursuant to his contract with Sysco, "he was paid for working in excess of 40 hours per week at the rate of *one-half* his regular hourly rate

instead of *time-and-one-half.*" Thus the basis for his complaint was not that his regular rate of pay was incorrectly calculated but rather that he was not paid a high enough percentage of his regular rate for his overtime hours. Section 778.109 states that the regular rate under the FLSA is determined by "dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek which such compensation was paid." The examples in § 778.114(c), which illustrate the concept of a "fixed salary for fluctuating hours," use this same formula.

rules to fill any gap left, implicitly or explicitly, by Congress." *Morton v. Ruiz,* 415 U.S. 199, 231, 94 S.Ct. 1055, 1072, 39 L.Ed.2d 270 (1974). By granting the Secretary of Labor the power to administer the FLSA, Congress implicitly granted him the power to interpret § 7(a)(1). *See United States v. Storer Broadcasting Co.,* 351 U.S. 192, 203, 76 S.Ct. 763, 770, 100 L.Ed. 1081 (1956); *Oceanair of Florida, Inc. v. United States Dep't of Transp.,* 876 F.2d 1560, 1565 (11th Cir.1989). The Secretary could not, for example, fulfill his duty of evaluating and appraising the provision (*see* 29 U.S.C. § 204(d)(1)) without first reaching an informed conclusion as to the scope of its coverage. Nor could he enforce § 7(a)(1) without interpreting the meaning of "regular rate," which Congress left undefined, or without determining whether systems of payment that Congress did not specifically address comply with the provision. The Secretary's interpretations of the Act are, of course, subject to judicial review. *See FEC v. Democratic Senatorial Campaign Committee,* 454 U.S. 27, 32, 102 S.Ct. 38, 42, 70 L.Ed.2d 23 (1981). But the Secretary cannot be expected to abstain from enforcing § 7(a)(1) until a court has the opportunity to consider what systems of payment do and do not comply with § 7(a)(1).

Because we have concluded that Congress delegated to the Secretary of Labor the power to interpret § 7(a)(1) of the FLSA, we journey to the third inquiry of the *Chevron* analysis, whether the Secretary's regulation, 29 C.F.R. § 778.114 (1992), is based on a permissible construction of § 7(a) of the FLSA. We hold that it is. The regulation provides that: 1) if the hours that an employee works fluctuate above forty hours per week, the employer can agree to pay the employee a fixed salary for *all the hours that the employee works,* and an additional *one-half* of the employee's regular rate for each overtime hour that the employee works; and 2) the "regular rate" is computed by dividing the fixed salary by all the hours worked. As noted above, *see supra* footnote 6, the second

point is not an issue in this case; it is the first point that Condo disputes. But it is clear that the regulation is entirely consistent with § 7(a)(1). The effect of § 7(a)(1) is to ensure that an employee who works over forty hours per week will receive 150% of his regular rate (which is his total remunerations—less the statutory exemptions in 29 U.S.C. § 207(e)—divided by the total number of hours that he worked during the week) for each hour of overtime. Under a system of payment like the one that is set forth in § .778.114 an employee who receives a fixed weekly salary for "all hours worked" receives the one and one-half times his regular rate for his overtime hours that is mandated by § 7(a)(1). The fixed salary compensates the employee for *all* his hours, *the overtime ones included.* He therefore receives 100% of his regular rate for each hour that he worked. As such, he is entitled only to an additional fifty percent of his regular rate for the hours that he worked in excess of forty.[7] True, under the system that is enumerated in § 778.114 the greater number of hours an employee works, the lower his regular rate will be and the less he will receive per overtime hour. But, as the Supreme Court noted in *Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 580, 62 S.Ct. 1216, 1221, 86 L.Ed. 1682 (1942), that does not cause the system to run afoul of the FLSA if, as in this case, the regular rate remains constant within each workweek and the employee receives one and one-half his regular rate for each overtime hour.

### III. CONCLUSION

The district court properly concluded that the system used by Sysco to compensate Condo for his overtime hours complied with § 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1). The district court's grant of summary judgment in Sysco's favor therefore is AFFIRMED.

---

**7.** The fixed salary must, of course, be sufficiently large to ensure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate under the FLSA. 29 C.F.R. § 778.-114(c). That was not an issue in this case, for

Condo never worked enough overtime hours to cause his regular hourly rate to fall below the minimum hourly wage rate, which, during the relevant time period was $3.35. 29 U.S.C. § 206(a)(1) (1988 & Supp. III 1991).