**Frank HARDRICK, Francois D. Seets, Andres M. Smith and William Shannon, Plaintiffs,**

v.

**AIRWAY FREIGHT SYSTEMS, INC., Defendant.**

No. 98 C 1609.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 25, 1999.

Richard M. Stanton, Sherrie E. Voyles, Jacobs, Burns, Sugarman, Orlove & Stanton, Chicago, IL, for Plaintiffs.

George Constantine Pontikes, George C. Pontikes & Associates, Sheni Hajat, Ernest T. Rossiello & Associates, P.C., Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

At issue before the court are Plaintiffs', Frank Hardrick ("Hardrick"), Francois D. Seets ("Seets"), Andres M. Smith ("Smith") and William Shannon ("Shannon") (hereinafter known collectively as "Plaintiffs"), Motion for Summary Judgment and Defendant's, Airway Freight Systems, Inc. ("Airway"), Cross–Motion for Summary Judgment. For the reasons set forth below, Plaintiffs' motion is granted and Defendant's motion is denied.

### FACTUAL BACKGROUND

This is an action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Defendant is an employer within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d) and an enterprise engaged in commerce within the meaning of FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A). At all times material, Airway's operations have been covered by the minimum wage and overtime provisions of the FLSA. (Pl.12(M), ¶ 2; Def. 12(M), ¶ 2.)[1]

Plaintiffs are former employees of Airway, all of whom were paid on an hourly rate. During the course of their employment, there were numerous workweeks during which Plaintiffs worked for Defendant in excess of forty hours. (Pl.12(M), ¶ 12.) Plaintiffs were compensated at their regular hourly rate of pay for all hours they worked over forty in such workweeks. (Pl.12(M), ¶ 15; Def. 12(M), ¶¶ 15, 22, 28, 31.)

Airway, through its president Ken Campbell ("Campbell"), informed Plaintiff Hardrick, who in turn informed the other Plaintiffs, that overtime (more than forty hours in one workweek) was not required in order to complete their duties and that no "overtime" would be paid. (Pl.12(M), ¶ 13.) In other words, in Airway's view, Plaintiffs' duties were such that they could have been completed during a regular forty-hour workweek. Campbell further informed Plaintiffs that if they wished to work overtime, they could do so with the understanding that they would only be paid at a rate equal to their regular hourly rate. (Pl.12(M), ¶ 14.) The basis for Defendant's policy of paying Plaintiffs their regular hourly rate of pay for hours worked over forty is that it did not require overtime and allowed overtime only if employees agreed to receive their regular hourly rate for such hours worked. (Pl.12(M), ¶ 17.)

Airway did not do any investigation as to whether its policy relating to payment for overtime hours was legal under the provisions of the FLSA. (Pl.12(M), ¶ 19.) Campbell did not consult with an attorney to determine if such an agreement between the employees and himself, whereby the employees would earn their regular

---

1. Under Local Rule 12(M), the moving party must submit a statement of material facts in the form of short, numbered paragraphs supported by specific references to the factual record. Local Rule 12(N) places a corresponding requirement on the nonmoving party, who must respond to each paragraph in the movant's 12(M) statement, including specific references to the factual record where the parties disagree. See Local Rules 12(M) and 12(N).

If the nonmovant does not specifically refute any material facts set forth in the movant's 12(M) statement, these facts will be deemed admitted. See Local Rule 12(N)(3)(b). In this case, Defendant did not submit a 12(N) statement in response to Plaintiffs' 12(M) statement. Hence, all of the facts set forth in Plaintiffs' 12(M) statement are deemed admitted.

rate of pay for hours worked in excess of forty, was legal. (Pl.12(M), ¶ 21.)

Hardrick worked a total of 1535.75 overtime hours during the course of his employment. Seets worked a total of 25.5 overtime hours during his employment. Smith worked 23.5 overtime hours during his employment. Shannon worked a total of 375.75 overtime hours during the course of his employment.

## ANALYSIS

### I. STANDARD OF REVIEW

█ Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has produced evidence to show that it is entitled to summary judgment, the party seeking to avoid such judgment must affirmatively demonstrate that a genuine issue of material fact remains for trial. LINC Fin. Corp. v. Onwuteaka, 129 F.3d 917, 920 (7th Cir.1997).

█ In deciding a motion for summary judgment, a court must "review the record in the light most favorable to the nonmoving party and to draw all reasonable inferences in that party's favor." Vanasco v. National–Louis Univ., 137 F.3d 962, 964 (7th Cir.1998). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Nevertheless, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also LINC, 129 F.3d at 920. A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," Anderson, 477 U.S. at 247, 106 S.Ct. 2505, or by "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." Anderson, 477 U.S. at 252, 106 S.Ct. 2505.

### II. THE FAIR LABOR STANDARDS ACT DOES NOT PERMIT THE AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANT.

Plaintiffs contend that the United States Supreme Court has consistently held that FLSA rights cannot be waived and that "[t]he duty to pay overtime in conformity with the FLSA is a reflection of Congressional policy by which employees are protected in spite of agreements and/or other actions that would normally be a defense to such payment." Duncan v. Brockway Std., Inc., 1992 WL 510256, *4 (N.D.Ga.1992).

29 U.S.C. § 207(a)(1) provides that:

[e]xcept as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed.

It is undisputed by the parties that Plaintiffs worked for Defendant in excess of forty hours during some workweeks. (Pl.12(M), ¶ 12.) It is also undisputed that Defendant paid Plaintiffs their regular hourly rate of pay for such overtime hours. (Pl.12(M), ¶ 12, 15.) Defendant's stated justification for paying Plaintiffs as it did, is that Defendant did not require Plaintiffs to work hours in excess of forty in a given workweek, and that Defendant only allowed such work if Plaintiffs requested it and subsequently agreed to receive their

regular hourly rate of pay for those hours. (Pl.12(M), ¶ 17.)

Put otherwise, Defendant avers that it paid Plaintiffs their regular hourly rate of pay for overtime hours because Plaintiffs were not required to work in excess of forty hours during any workweek as a condition of their employment, and none of the work performed in excess of forty hours was required or requested by Defendant. Defendant has a policy that no employee could work in excess of forty hours per week, unless the employee requests work in excess of forty hours per week. Defendant argues that each of the Plaintiffs, who worked in excess of forty hours, did so after obtaining permission from Defendant and entering an agreement with Defendant to accept payment for hours in excess of forty at the regular rate in effect at the time in question. (*See* Def. Mot. at 2.)

■ Plaintiffs argue, and this court agrees, that such an agreement between an employer and an employee is not permitted by the Fair Labor Standards Act. In *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706–07, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945), the United States Supreme Court stated:

> [t]he legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and free flow of goods in interstate commerce. (citation omitted) The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which

endangered national health and efficiency and as a result the free movement of goods in interstate commerce.... No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act.

*See also, Dunlop v. Gray–Goto, Inc.*, 528 F.2d 792, 794–95 (10th Cir.1976) ("In our view any such private agreement or understanding cannot circumvent the overtime pay requirements of the Act."); *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 1445, 67 L.Ed.2d 641 (1981) (congressionally granted FLSA rights take precedence over conflicting provisions in a bargained compensation agreement.); *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 42, 65 S.Ct. 11, 14, 89 L.Ed. 29 (1944); *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577–78, 62 S.Ct. 1216, 1220, 86 L.Ed. 1682 (1942).

■ Based on the above-cited case law and the legislative history of the FLSA, the alleged agreement entered into between Plaintiffs and Defendant is invalidated by the FLSA. The FLSA does not distinguish between whether an employee was required to work overtime hours or whether such overtime hours were requested by the employee. Rather, under the FLSA, if a covered hourly employee (such as Plaintiff(s)) works more than forty hours in a given workweek, such employee(s), *per se,* must be paid a rate not less than one and one-half times his regular rate of pay.[2]

### III. SALARIED EMPLOYEES VS. HOURLY EMPLOYEES

Defendant attempts to justify its method of compensation by arguing that the method of overtime pay that it used was more beneficial to the hourly employee Plaintiffs than the overtime method promulgated by

**2.** Defendant also argues that by entering into the agreement with Defendant to work in excess of forty hours for any given workweek in exchange for pay at the regular hourly rate for the hours worked in excess of forty, Plaintiffs are estopped from asserting their claim

in accordance with 29 U.S.C. § 201 *et seq.* Respectfully, this argument is a mere outgrowth of Defendant's already rejected private agreement argument. Therefore, for the reasons heretofore stated, Defendant's estoppel argument must also be rejected.

the Department of Labor and approved by courts for fixed salaried employees. Defendant attempts to draw a distinction between hourly employees and fixed salaried employees, and then asserts that if fixed salaried employees are allowed to agree to receive pay at a rate of overtime less than what they would have been paid as hourly employees, hourly employees should be entitled to enter into the same types of agreements. (*See* Def.Resp. at 2, 8.)

Defendant relies on 29 C.F.R. § 778.114. Section 778.114 (which is expressly directed at *fixed salary* employees whose hours of work may *fluctuate* from week to week) provides in pertinent part:

> [a]n employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid to him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

Defendant argues that this case is analogous to *Condo v. Sysco Corp.*, 1 F.3d 599 (7th Cir.1993). In *Condo*, the Seventh Circuit: (a) concluded that Section 778.114 applied in the case and (b) upheld the legality of Section 778.114, determining that the regulation is entirely consistent with 29 U.S.C. § 207(a)(1).

Defendant's reliance on *Condo* however, is misplaced, because the instant case dissimilarly deals with overtime pay for hourly employees. (Pl.12(M), ¶¶ 4, 6, 8, 10.) *Condo*, as seen, is clearly distinguishable in that it specifically dealt with a situation fundamentally different than here; namely, a federal regulation (§ 778.114) for overtime pay for fixed salary employees whose hours of work may fluctuate from week to week.[3]

In sum, it is undisputed that Plaintiffs, who were hourly employees, worked in excess of forty hours during a number of workweeks, and that they were paid only at their regular hourly rate of pay for such overtime hours. The case law and legislative history make clear that an employee's rights under the FLSA cannot be waived by entering into an agreement such as that between Plaintiffs and Defendant. The applicable FLSA provision required that Defendant pay Plaintiffs at a rate of not less than one and one-half times their regular hourly rates for each hour of overtime worked. Defendant did not do so. Hence, viewing the facts in the light most favorable to Defendant, the nonmovant, this court concludes that no genuine issue of material fact exists, and that Plaintiffs are entitled to summary judgment as a matter of law.

## IV. STATUTE OF LIMITATIONS

■ Plaintiffs argue that Defendant acted with reckless disregard for the over-

---

**3.** *Condo*, also, factually, was a case where overtime pay was paid by the defendant to the plaintiff. Herein, as seen, no overtime was paid to the plaintiffs by defendant.

Defendant also argues that 29 U.S.C. § 207(*o*) permits the exchange of compensatory time for overtime pay, even when the compensatory time is calculated at the employee's regular rate. (*See* Def.Resp. at 5.) However, Section 207(*o*) applies only to employees of a public agency. Plaintiffs in this case are not employed by a public agency. Thus § 207(*o*) has no relevance to the case at hand.

time provisions of the FLSA, and, therefore, Defendant's violation was willful and a three-year statute of limitations should be applied.[4] (*See* Pl.Mot. at 8.) Plaintiffs bear the burden of showing that Defendant's conduct was "willful" for purposes of the statute of limitations. *Bankston v. State of Illinois*, 60 F.3d 1249, 1253 (7th Cir.1995).

29 U.S.C. § 255(a) provides that:

if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a *willful* violation may be commenced within three years after the cause of action accrued.... (emphasis added)

■ "The fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988). As the Court said in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128, 105 S.Ct. 613, 625, 83 L.Ed.2d 523 (1985), "it would be virtually impossible for an employer to show that he was unaware of the Act and its potential applicability." Thus, "the normal two-year statute of limitations would seem to apply only to ignorant employers, surely not a state of affair intended by Congress." *McLaughlin*, 486 U.S. at 133, 108 S.Ct. at 1681. "The standard of willfulness that was adopted in *Thurston*—that the employer either knew or showed *reckless disregard* for the matter of whether its conduct was prohibited by the statute—is surely a fair reading of the plain language of the Act." (emphasis added) *Id.* at 133, 108 S.Ct. 1677. "If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful.... If an employer acts unreasonably, but not recklessly, in determining legal obligations, then, although its action would be considered willful ... it should not be so considered under *Thurston*." *Id.* at 135, n. 13, 108 S.Ct. 1677.

■ Defendant's actions regarding its policy of paying Plaintiffs straight pay for overtime hours were unreasonable and in reckless disregard for the matter of whether such conduct was prohibited by the FLSA. Defendant, for example, knew that an overtime provision existed. (Pl.12(M), ¶ 23.) Defendant, however, did not investigate whether its policy relating to overtime hours, which is the subject of the complaint herein, was legal under the provisions of the FLSA. (Pl.12(M), ¶ 19.) Defendant also did not consult with an attorney to determine if the agreement(s) with Plaintiffs, that Defendant relies on herein, was legal. (Pl.12(M), ¶ 21.)

As the appropriate reckless disregard test has been met, Defendant's conduct is deemed "willful" for purposes of determining the appropriate statute of limitations pursuant to 29 U.S.C. § 255(a). Accordingly, the applicable statute of limitations period herein is three years.

### CONCLUSION

In view of the foregoing, this court grants Plaintiffs' Motion for Summary

4. The statute of limitations argument issue is significant because the Complaint was not filed until March 17, 1998. Many of the acts of which Plaintiffs are alleging occurred more than two years (but less than three years) prior thereto. Thus, if the statute of limitations is not extended to three years, the claims of Plaintiffs Seets and Smith are time barred, and the actionable claims of Plaintiffs Hardrick and Shannon are significantly limited.

The statute of limitations issue was not raised or responded to by the Defendant. In view of the court's ruling on the issue, discussed *infra*, however, the court does not find it necessary to determine if Defendant has waived the statute of limitations issue.

Judgment on the issue of liability as to Plaintiffs' right to unpaid overtime compensation.[5] Defendant's Cross–Motion for Summary Judgment is denied.

5. To implement this judgment, Defendant is to timely provide a complete and accurate accounting of all hours Plaintiffs worked during each workweek in the three years preceding the commencement of this action, and a complete and accurate accounting of the compensation to which Plaintiffs are entitled. At the same time, the parties are also request-ed to seek to stipulate as to the applicable monetary damage amount.

As part of this motion, Plaintiffs seek attorney's fees and costs in the case. Costs are governed by Fed.R.Civ.P. 54(d)(1), and attorney's fees by Local Rule 47. At present, the court finds these requests to be premature.